UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-CV-509-JMH

JEFFREY RUMBAUGH, PETITIONER,

VS: **MEMORANDUM OPINION AND ORDER**

STEPHEN M. DEWALT, *Warden,* RESPONDENT.

Petitioner Jeffrey Rumbaugh has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 2].[1] When Rumbaugh filed this action on December 15, 2008, he was confined in the Federal Medical Center located in Lexington, Kentucky ("FMC-Lexington). Rumbaugh has paid the $5.00 filing fee [Record No. 4.]. This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).

As Rumbaugh is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). A district court can dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that

---

[1] Stephen Dewalt, the warden of FMC-Lexington, is the named respondent in this action.

the petition fails to establish adequate grounds for relief. *See* 28 U.S.C. § 1915(e)(2)(ii); *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). For the reasons set forth below, the § 2241 petition will be denied.

## CLAIMS

Rumbaugh seeks an Order directing the Bureau of Prisons ("BOP") to immediately place him in a Residential Re-entry Center ("RRC").[2] Petitioner Rumbaugh alleged that Warden Dewalt violated his due process rights under the Fifth Amendment of the United States Constitution by refusing to consider him for placement in an RRC early than that which the BOP had designated. Rumbaugh complained the BOP had designated only a six-month RRC placement for him, as opposed to a twelve-month placement as allowed by the Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657.

The Second Chance Act of 2007, enacted on April 9, 2008, amended 18 U.S.C. § 3624(c) to "authorize[] the BOP to consider placing an inmate in an RRC for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment." *Montes v. Sanders*, 2008 WL 2844494, at *1 (C.D. Cal. July 22, 2008).

---

[2] RRC's were previously known as Community Corrections Center (CCC's). RRC's and CCC's are also known as "halfway houses" Prisoners near the end of their sentences are often placed there to live and work, under supervision, in order to facilitate their transition back into the community.

2

According to the BOP's official website, bop.gov, Petitioner Rumbaugh's projected release date is July 31, **2009**. Although Rumbaugh did not refer to specific dates in his § 2241 petition, Rumbaugh appears to be claiming that he should have been released to an RRC on July 31, 2008 as opposed to January 31, 2009.

EXHAUSTION EFFORTS

On February 2, 2009, the Court entered an Order directing Petitioner Rumbaugh to provide the Court with documentary evidence that he had administratively exhausted his claims regarding RRC placement [*See* Order, Record No. 5]. Rumbaugh was given thirty (30) days in which to provide that documentation [*Id.*]. The thirty days have expired, but Rumbaugh has not filed the exhaustion documentation with the Court or otherwise responded to the Order.

DISCUSSION
1. Failure to Exhaust

The administrative remedies available to inmates confined in BOP institutions are set out in the Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-.19. Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request (a BP-9 form) to the Warden. *See* § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may

appeal (BP-11) to the Office of General Counsel.  *See* § 542.15 (a) - (b).

Federal courts require inmates seeking habeas corpus relief to exhaust their administrative remedies before filing a petition under 28 U.S.C. § 2241.  *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they 'exhaust their administrative remedies in accordance with Bureau of Prisons policy. . .'").

The exhaustion requirement is designed to ensure not only that the agency be given the opportunity to review its conclusions short of litigation, but also that the district court be provided a complete record upon which to review the agency's final action. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980).  The Supreme Court has held that in order to satisfy the requirement that administrative remedies be exhausted prior to filing suit, those remedies must be exhausted properly and within the time frames required by the remedy process.  *Woodford v. Ngo*, 126 S.Ct. 2378, 2387-88 (2006).

Here, Rumbaugh's failure to respond to the Court's February 2, 2009 Order indicates that he may have filed this action prematurely, before the administrative remedy process could run its full course. The petitioner's failure to demonstrate administrative

4

exhaustion, standing alone, would justify dismissal of this action without prejudice.

## 2. Claims are Moot

The BOP's website further reveals that Rumbaugh has since been transferred to an RRC located in Nashville, Tennessee. His current place of confinement is listed as:

>      CCM Nashville
>      Community Corrections
>      Office[3]
>      801 Broadway Street,
>      Nashville, Tn. 37203

While Petitioner Rumbaugh is still in BOP custody, he apparently has been released to an RRC facility subsequent to the filing of this action on December 15, 2008. Petitioner Rumbaugh sought release to an RRC, and that has apparently been accomplished in the period of time between December 15, 2008 and the present.

The law is clear that an inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate-plaintiff's release from confinement, or transfer to another facility. *McAlpine v. Thompson*, 187 F.3d 1213,1215 (10th Cir. 1999); *Green v. Branson*, 108 F.3d 1296 (10th Cir. 1997); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (prisoner's claims for

---

[3] According to the BOP's website, "Community corrections is an integral component of the Bureau's correctional programs. Community corrections staff develop and administer contracts for community-based correctional programs and serve as the Bureau's local liaison with the Federal courts, the U.S. Marshals Service, state and local corrections, and a variety of community groups."

5

injunctive relief became moot after he was transferred to another facility); *Magee v. Waters,* 810 F.2d 451, 452 (4th Cir. 1987) (prisoner's transfer moots his request for injunctive relief against conditions of confinement in facility from which he was transferred.); *McKinnon v. Talladega County, Alabama*, 745 F.2d 1360, 1362 (11th Cir. 1984) (Inmates' transfer or release from jail mooted claims for declaratory and injunctive relief); *Booth v. Barton County*, 157 F. Supp. 2d 1178, 1183 (D. Kan. 2001) (Two plaintiffs' release from jail mooted their claims for injunctive relief).

Petitioner Rumbaugh is now confined in an RRC facility located in Nashville, Tennessee. Therefore, his claims are moot. This action will be dismissed with prejudice.

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1) The Clerk of the Court is directed to note Petitioner Jeffrey Rumbaugh's new address, which is:

> CCM Nashville
> Community Corrections Office
> 801 Broadway Street,
> Nashville, Tn. 37203

(2) Petitioner Jeffrey Rumbaugh's petition for a writ of habeas corpus [Record No. 2] is **DENIED.**

(3) This action is **DISMISSED WITH PREJUDICE**, *sua sponte,* from the Court's active docket and

6

      (4) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named respondent.

This the 16th day of March, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge